IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE (CWALT 2005-17),<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MARCELINO M. AQUINO, ET AL.,<br><br>　　　　　Defendants. | CIVIL NO. 19-00134 JMS-WRP<br><br>FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR REMAND |

FINDINGS AND RECOMMENDATION TO
GRANT PLAINTIFF'S MOTION FOR REMAND

Before the Court is Plaintiff's Motion for Remand, filed on May 19, 2020 (Motion).  See ECF No. 19.  Although provided with an opportunity to do so, Defendants Marcelino M. Aquino and Jeanette D. Aquino, named individually and as Trustees of the Marcelino M. Aquino and Jeanette D. Aquino Trust (Defendants), who have appeared pro se, did not file an opposition or other response to the Motion.  See ECF No. 20.  The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  See id.

Based on the Motion and the record in this action, the Court FINDS

AND RECOMMENDS that Plaintiff's Motion be GRANTED.[1]

## BACKGROUND

This is an action to foreclose on real property located at 709 Komo Place, Kahului, Hawaii 96732 (Subject Property). See ECF No. 1-1, Compl., ¶ 2. Defendants are residents of Hawaii. See ECF No. 1. Plaintiff is a Delaware corporation. See ECF No. 1-1 ¶ 1. Plaintiff alleges in the Complaint that Defendants executed a promissory note in the amount of $450,000 to Countrywide Homes Loan, Inc., and that Plaintiff is the current holder of the promissory note. See id. ¶¶ 7-8. The promissory note is secured by a mortgage on the Subject Property, which was also assigned to Plaintiff. See id. ¶¶ 9-12. Defendants allegedly defaulted on the note and mortgage in 2008. See id. ¶ 13. Plaintiff filed the present foreclosure action in state court on January 23, 2019.

On March 14, 2019, Defendants filed a Notice of Removal of Action Under the Civil Case No. 19-1-0019 (3) from The Second Circuit Court, State of Hawaii, to Federal Court Based on Federal Questions Jurisdiction Pursuant to 28 U.S.C. §1441(a). See ECF No. 1. In the Notice, Defendants state that the Complaint "presents questions arising under federal law" and that there is "a

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

diversity of citizenship." See ECF No. 1 at 3.  In the Notice of Removal, Defendants also reference the National Bank Act.  See ECF No. 1 at 3 ("This includes actions [] arising under the Constitution, laws, or treaties of the United States 28 U.S.C. § 1441(a) under the federal question jurisdiction. *See Beneficial National Bank v. Anderson*, 539 U.S. 1 (2003) § 85 and 86 of the National Bank Act.").

In the present Motion, Plaintiff argues that this action must be remanded to state court because this court lacks subject matter jurisdiction.  See ECF No. 7-1.[2]

## DISCUSSION

A case filed in state court may be removed to federal court by the defendant if the federal court has "original jurisdiction" over the case.  See 28 U.S.C. § 1441(a).  Such removal can be based on either diversity jurisdiction or

---

[2] Plaintiff also asks the Court to extend Plaintiff's deadline to file the present Motion, which was filed more than a year after this case was removed.  See ECF No. 19 at 6.  Generally, motions to remand based on procedural defects must be filed within 30 days of removal.  See 28 U.S.C. § 1447(c).  However, motions to remand based on lack of subject matter jurisdiction may be made at any time.  See id.; Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n.2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."). Accordingly, Plaintiff's request to extend the deadline to file the present Motion is moot.

federal question jurisdiction. See 28 U.S.C. §§ 1441(b) & (c). However, a case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). "Removal and subject matter jurisdiction statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" Hawaii ex rel. Louie v. HSBC Bank Nev., N.A., 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008)). Defendants' Notice of Removal appears to assert both federal question jurisdiction and diversity jurisdiction. See ECF No. 1 at 3.

First, the Court finds that there is no federal question jurisdiction under 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim arises under federal law is generally determined by the "well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). A defendant cannot create federal subject matter jurisdiction by asserting claims or defenses in the notice of removal. See Takeda v. Nw. Nat'l. Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985) ("The federal question must be

4

disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.") (citation omitted).

Here, the Complaint does not assert any federal causes of action. Instead, the Complaint asserts a claim for judicial foreclosure under Hawaii law. See ECF No. 1-1. Because the Complaint does not assert a claim arising under federal law, there is no basis for federal question jurisdiction. See, e.g., U.S. Bank Nat'l Ass'n v. Martin, 2015 WL 2227792, at *2 (D. Haw. Apr. 23, 2015) ("[B]ecause U.S. Bank's . . . Complaint only asserts a state-law foreclosure claim, . . . removal cannot be based on federal question jurisdiction."), *adopted by* 2015 WL 2234320 (D. Haw. May 12, 2015). Defendants' reference to the National Bank Act in the Notice of Removal does not change this result. See ECF No. 1 at 3; See Takeda, 765 F.2d at 822.

The National Bank Act provides "the exclusive federal cause of action for usury against national banks." Beneficial Nat'l. Bank v. Anderson, 539 U.S. 1, 2, (2003). Section 85 provides limitations on the rate of interest that national banks may charge, and Section 86 provides the elements of a usury claim against a national bank. See id. (quoting 12 U.S.C. § 86). This foreclosure action does not involve interest rates or a claim for usury. As detailed above, this case is a foreclosure action based on state law. See Hagan v. U.S. Nat'l. Bank, 2014 WL 5465321, *2 (D. Haw. Oct. 27, 2014) ("Because this Court is one of limited

jurisdiction, the only jurisdictional basis for removal of [a] foreclosure action (because it is based solely on state law) to this Court would be under diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a).").  The Court concludes that there is no basis for federal question jurisdiction because the Complaint includes only a state law claim for foreclosure.

      Second, the Court finds that there is no diversity jurisdiction under 28 U.S.C. § 1332, which provides that district courts have original jurisdiction over cases between citizens of different states "where the matters in controversy exceeds the sum or value of $75,000."  28 U.S.C. § 1332.

      Here, Defendants are citizens of Hawaii and Plaintiff is a citizen of Delaware.  See ECF No. 1; ECF No. 1-1 ¶ 1.  Although there appears to be diversity of citizenship between the parties, removal is barred by the forum defendant rule.  The forum defendant rule provides that "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2); Lively v. Wild Oats Markets, Inc., 456 F.3d 933, 939 (9th Cir. 2006)).  This action was originally filed in state court in Hawaii, where both Defendants are citizens.  Accordingly, the Court finds that the forum defendant rule precludes removal of this case based on diversity jurisdiction.

Because there is no basis for subject matter jurisdiction, this action must be remanded. Accordingly, the Court FINDS AND RECOMMENDS that the Motion be GRANTED.

## CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiffs' Motion for Remand be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, JUNE 24, 2020.



_____
Wes Reber Porter
United States Magistrate Judge

**THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE (CWALT 2005-17) vs. AQUINO, ET AL.; CIVIL NO. 19-00134 JMS-WRP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR REMAND**

7